## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Lakeview Loan Servicing, LLC** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**72 First Rangeway, Waterville, ME 04901** |
| **Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet** | **Mortgage:**<br>**May 27, 2011**<br>**Book 10743, Page 0083**<br>**Kennebec Registry of Deeds** |
| **Defendant** | |

NOW COMES the Plaintiff, Lakeview Loan Servicing, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet, as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Lakeview Loan Servicing, LLC, in which Lucas M. Languet, is the obligor and the total

amount owed under the terms of the Note is One Hundred Sixty-Nine Thousand Seven

Hundred Nineteen and 03/100 ($169,719.03) Dollars, plus attorney fees and costs

associated with the instant action; thus, the amount in controversy exceeds the

jurisdictional threshold of seventy-five thousand ($75,000.00) dollars **(However, as the**

**Personal Representative of the estate, Rachel Lee Lanuet has no personal liability in**

**this action and Plaintiff only seeks an *in rem* judgment against the subject**

**property.)**.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a

    substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine

    and the property is located in Maine.

PARTIES

4.  Lakeview Loan Servicing, LLC is a Limited Liability Company with its principal place

    of business located at 4425 Ponce De Leon Boulevard, Mailstop MS5/521, Coral Gables,

    FL 33146.  The sole member of Lakeview Loan Servicing is Bayview MSR Opportunity

    Corporation, a Delaware Corporation with its principal place of business located at 4425

    Ponce De Leon Boulevard, Mailstop MS5/521, Coral Gables, FL 33146 so for diversity

    purposes is a resident of Florida.

5.  The Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M.

    Languet, is a resident of Bangor, County of Penobscot and State of Maine.

FACTS

6. On May 27, 2011, by virtue of a Warranty Deed from William P. Violette and Terry A. Violette, which is recorded in the Kennebec Registry of Deeds in **Book 13441, Page 163**, the property situated at 72 First Rangeway, City/Town of Waterville, County of Kennebec, and State of Maine, was conveyed to Lucas M. Languet, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On May 27, 2011, Lucas M. Languet executed and delivered to Sidus Financial LLC a certain Note under seal in the amount of $109,326.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on May 27, 2011, Lucas M. Languet executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Sidus Financial LLC, securing the property located at 72 First Rangeway, Waterville, ME 04901 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 10743**, **Page 0083**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Lakeview Loan Servicing, LLC by virtue of an Assignment of Mortgage dated October 28, 2019, and recorded in the Kennebec Registry of Deeds in **Book 13381**, **Page 137**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. Upon information and belief Lucas M. Languet became deceased March 20, 2025.

11. Upon information and belief Rachel Lee Languet is the Personal Representative of the estate of Lucas M. Languet as of June 29, 2020, and since she is solely named as personal

representative she has no personal liability in this matter, and this is solely an *in rem* proceeding against the subject property.

12. The Mortgage was further assigned to Lakeview Loan Servicing, LLC by virtue of a Quitclaim Assignment dated January 12, 2026, and recorded in the Kennebec Registry of Deeds in **Book 15617**, **Page 5**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The 14 M.R.S.A. § 6111 does not apply because the borrower, Lucas M. Languet is deceased and the property is vacant.

14. Rachel Lee Languet, as Personal Representative, has waived notice of acceleration, and, upon information and belief, will consent to judgment in this matter.

15. The Plaintiff, Lakeview Loan Servicing, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, Lakeview Loan Servicing, LLC, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

17. The Plaintiff, Lakeview Loan Servicing, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed or waived.

18. The total debt owed under the Note and Mortgage as of March 2, 2026, is One Hundred Sixty-Nine Thousand Seven Hundred Nineteen and 03/100 ($169,719.03) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $93,315.42 |

| Interest | $29,862.77 |
|---|---|
| Escrow Advance | $23,739.51 |
| Deferred Late Fees | $224.80 |
| Lender Paid Expenses | $22,576.53 |
| Grand Total | $169,719.03 |

19. Upon information and belief, the Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet, is presently not in possession of the subject property originally secured by the Mortgage.

COUNT I – FORECLOSURE AND SALE

20. The Plaintiff, Lakeview Loan Servicing, LLC, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 72 First Rangeway, Waterville, County of Kennebec, and State of Maine. *See* Exhibit A.

22. The Plaintiff, Lakeview Loan Servicing, LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Lakeview Loan Servicing, LLC, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

23. The Plaintiff, Lakeview Loan Servicing, LLC, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

24. The total debt owed under the Note and Mortgage as of March 2, 2026, is One Hundred Sixty-Nine Thousand Seven Hundred Nineteen and 03/100 ($169,719.03) Dollars.

25. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate (without any personal liability on the part of the Plaintiff).

27. The Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet, is not in the Military as evidenced by the attached Exhibit F.

28. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Lakeview Loan Servicing, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, Lakeview Loan Servicing, LLC, upon the expiration of the period of redemption;

d) Find that the Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet, entered into a contract for a sum certain in exchange for a security interest in the subject property. Defendant is not personally liable and accordingly this

action does not seek any personal liability on the part of the Defendant, but only seeks in rem judgment against the property;

e)  Find that while the Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed in rem against the property commonly known as and numbered as 72 First Rangeway, Waterville, ME 04901;

f)  Find that the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

g)  Find that the Plaintiff, Lakeview Loan Servicing, LLC, is entitled to restitution for this benefit from the Defendant, Lucas M. Languet;

h)  Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs. The Defendant is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property;

i)  For such other and further relief as this Honorable Court deems just and equitable.


Respectfully Submitted,
Lakeview Loan Servicing, LLC,
By its attorneys,

Dated: February 26, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com