UNITED STATES DISTRICTCOURT
DISTRICT OF MAINE

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC,<br><br>Plaintiff<br><br>v.<br><br>RACHEL LEE LANGUET, Personal Representative for the Estate of Lucas M. Languet, | 1:26-cv-00100-LEW<br><br><br>RE:<br>72 First Rangeway, Waterville, ME 04901<br><br>Mortgage:<br>May 27, 2011<br>Book 10743, Page 0083<br><br>Vacant Property |

**RECOMMENDED DECISION ON MOTION TO APPOINT RECEIVER[1]**

Plaintiff has moved to appoint Benjamin P. Campo, Jr., Esq. as receiver for the real property subject to this action located at 72 First Rangeway, Waterville, ME 04901 (the "Property"). (Motion, ECF No. 6.)

This Court has inherent equitable power to appoint a receiver to manage or preserve property pending judgment. *United States v. Quintana-Aguayo*, 235 F.3d 682, 686 & n.8 (1st Cir. 2000). "[T]he decision to appoint a receiver … lies within the discretion of the court." *Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 326 (1st Cir. 1988). Some of the factors a court may consider include whether the defendant is alleged to have engaged in fraudulent conduct, whether the property is in imminent danger, whether the available legal remedies are adequate, whether the harm to the plaintiff caused by the denial of the appointment would exceed the harm to the defendant and others opposed to the appointment, whether the plaintiff is likely to succeed in the action, whether the plaintiff's interests in the

---

[1] A motion for the appointment of a receiver is considered a dispositive motion because "it seeks to have a court undertake an action that could have a significant impact on a party's ability to manage and control its property during the course of litigation." *ML-CFC 2007-6 P.P. Props., LLC v. BPP Retail Props, LLC*, 951 F.3d 41, 48 (1st Cir. 2020).

property might be susceptible to irreparable injury, and whether the interests of the plaintiff and others sought to be protected will be well served by the receivership. *Id.* at 326 – 27.

Here, the record evidence establishes that the Property is vacant and abandoned and that maintenance and management are required to preserve the Property and its value. (See Affidavit of Tasha Massey, ECF No. 6-1.) The Property is at risk from vandals and a possible lien due to possible code violations. (*Id.*) A receiver is necessary to preserve the value of the Property for the lienholders and potential beneficiaries of any sale of the Property.

Accordingly, I recommend the Court grant Plaintiff's Motion to Appoint Receiver, and appoint Benjamin P. Campo, Jr., Esq., as receiver of the Property located at 72 First Rangeway, Waterville, Maine.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of May, 2026.

2