**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **Lakeview Loan Servicing, LLC**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet**<br><br>**Defendant** | **CIVIL ACTION NO: 1:26-cv-00100-LEW**<br><br>**JUDGMENT OF FORECLOSURE AND SALE**<br><br>**RE:**<br>**72 First Rangeway, Waterville, ME 04901**<br><br>**Mortgage:**<br>**May 27, 2011**<br>**Book 10743, Page 0083** |

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on August 25, 2026. Plaintiff, Lakeview Loan Servicing, LLC, was present and represented by Reneau J. Longoria, Esq. Defendant, Rachel Lee Languet, Personal Representative for the Estate of Lucas M. Languet, did not appear.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED. **JUDGMENT** on Count I – Foreclosure and Sale is hereby **ENTERED** as follows:

1. If the Defendant or his/her heirs or assigns or the Receiver appointed by this Court pay Lakeview Loan Servicing, LLC (“Lakeview”) the amount adjudged due and owing ($177,835.37) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, Lakeview shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $93,315.42 |
| Interest | $31,455.09 |
| Escrow Advance | $25,077.41 |
| Deferred Late Fees | $224.80 |
| Corporate Advances | $27,762.65 |
| Grand Total | $177,835.37 |

2. If the Defendant or his/her heirs or assigns or the Court appointed Receiver do not pay Lakeview the amount adjudged due and owing ($177,835.37), or an agreed upon amount to be accepted to satisfy the lien, within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, his/her remaining rights to possession of the Waterville Property shall terminate, and Lakeview shall conduct a public sale of the Waterville Property in accordance with 14 M.R.S. § 6323, disbursing the proceeds first to itself in the amount of $177,835.37 after deducting the expenses of the sale, with any surplus to the Defendant or the heirs or assigns, in accordance with 14 M.R.S. § 6324. Lakeview may not seek a deficiency judgment against the Defendant pursuant to the Plaintiff's waiver of deficiency.
3. In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of his/her right to possession, Lakeview may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.
4. Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5 The amount due and owing is $177,835.37.

6 Lakeview Loan Servicing, LLC has first priority, in the amount of $177,835.37, pursuant to the subject Note and Mortgage and there are no parties in interest other than the Defendant who has second priority.

7. The prejudgment interest rate is 4.62500%, *see* 14 M.R.S. § 1602-B, and the post-judgment interest rate is 9.5%, pursuant to 14 M.R.S. § 1602-C (the one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue December 2025, 3.5% plus 6% for a total post-judgment interest rate of 9.5%).

8. The following information is included in this Judgment pursuant to 14 M.R.S. § 2401(3):

| | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | Lakeview Loan Servicing, LLC<br>4425 Ponce De Leon<br>Boulevard, Mailstop MS5/521<br>Coral Gables, FL 33146 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT | | |
| | Rachel Lee Languet, Personal<br>Representative for the Estate of<br>Lucas M. Languet<br>1176 Kenduskeag Avenue<br>Bangor, ME 04401 | N/A |

a) The docket number of this case is No. 1:26-cv-00100-LEW.

b) The Defendant, the only party to these proceedings besides Lakeview, received

notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 72 First Rangeway, Waterville, ME 04901, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 72 First Rangeway, Waterville, ME 04901. The Mortgage was executed by Lucas M. Languet on May 27, 2011. The book and page number of the Mortgage in the Kennebec Registry of Deeds is Book 10743, Page 0083.

e) This judgment shall not create any personal liability on the part of the Defendant but shall act solely as an *in rem* judgment against the property, 72 First Rangeway, Waterville, ME 04901.

SO ORDERED.

Dated this 31st day of August, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge